MARYLAND CASUALTY COMPANY,
Appellant,

v.

Fred GREEN, Administrator of the Estate of Nina Voroponov, Deceased,

Indemnity Insurance Company of North America,

Friends Neighborhood Guild, Inc.,

William E. Bottoms, Robert Bottoms, Mamie Bunch, Allen K. Cooper.

No. 12814.

United States Court of Appeals Third Circuit.

Argued April 9, 1959.

Decided April 22, 1959.

William J. McKinley, Jr., Philadelphia, Pa. (Swartz, Campbell & Henry, Philadelphia, Pa., on the brief), for appellant.

Gordon W. Gerber, Philadelphia, Pa. (Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee, Fred Green, Admr. of Estate of Nina Voroponov, Decd.

Joseph J. Murphy, Philadelphia, Pa., for Indemnity Ins. Co. of N. A.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This declaratory judgment petition arises from a collision of two automobiles in Philadelphia. The first car was owned by Friends Neighborhood Guild, Inc. It was driven by a Guild employee, Allen K. Cooper. It had as a passenger, Nina Voroponov, another Guild employee who, after the completion of her day's work, was riding home. She died as a result of injuries received in the accident. Fred Green was appointed administrator of her estate. As such he sued the owner and operator of the second vehicle, William E. Bottoms. Miss Voroponov's parents filed a Workmen's Compensation claim petition as the deceased's dependents. Bottoms and his passengers have sued the Guild. All of the suits are pending.

Maryland Casualty Company is the automobile liability insurance carrier for the Guild. Its purpose here is to have adjudicated the question of whether Miss Voroponov was in the course of her em-

ployment at the time of the accident. The basis of the present petition is the asserted conflict between the administrator's suit and the compensation claim.

Judge Leahy in a comprehensive opinion held that appellant's objective is merely to have determined a critical issue which is involved in an already pending case where it can be disposed of more properly and more appropriately. The motion of the administrator for summary judgment that Miss Voroponov was not in the course of her employment at the time of the collision was denied because it concerned the same hotly controverted question.

The order of the district court will be affirmed.